KARIN J. IMMERGUT, OSB 96314
United States Attorney
**DWIGHT C. HOLTON, VSB# 40767**
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Ave., Suite 600
Portland, OR  97204
(503) 727-1000

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR No.   08-60 (BR)** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **CALIFORNIA SHELLFISH CO., INC.** | **Sentencing Date:**   **August 25, 2008 9:00 am** |
| Defendant. | |

United States Attorney Karin J. Immergut for the District of Oregon, by and through Assistant United States Attorney Dwight C. Holton, hereby submits the following sentencing memorandum for the Court's review.  The government submits this Memorandum to provide background information in connection with defendant's sentencing, which is scheduled for August 25, 2008 at 9:00 a.m.  As set forth more fully below, defendants California Shellfish, Modesto Tallow and Thomas Libby each pled guilty to violating the Clean Water Act based on their role in dumping waste from chicken carcasses into the Columbia River in violation of a permit issued to defendant California Shellfish Company.   Because the common facts underlying the three cases, the government has prepared a single sentencing memorandum which it will file in each case.

For defendants California Shellfish and Modesto Tallow, the government seeks a monetary penalty of $75,000 and a 3 year period of probation.  For defendant Libby, the government recommends a monetary penalty not to exceed $5,000, and further recommends a period of probation of one year.

I.      **Legal Background**

The Clean Water Act, 33 U.S.C. § 1251, <u>et seq.</u>, is the Nation's comprehensive water pollution control statute.  The purpose of the Clean Water Act is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters."  33 U.S.C. § 1251(a).  In addition, the Clean Water Act was enacted to prevent, reduce, and eliminate water pollution in the United States and to conserve the waters of the United States for the protection and propagation of fish and aquatic life and wildlife, recreational purposes, and use for public drinking water, agricultural, and industrial use.  33 U.S.C. § 1252(a).  To achieve these goals, the Clean Water Act, among other things, prohibits the discharge of any pollutant into the waters of the United States, except in compliance with a permit issued pursuant to the Clean Water Act under the National Pollution Discharge Elimination System (NPDES) by the United States Environmental Protection Agency (EPA) or an authorized state.  33 U.S.C. §§ 1311(a) and 1342.  A knowing violation of a permit is a felony; a negligent violation is a misdemeanor. 33 U.S.C. §§ 1319(c)(1)(A) (misdemeanor) and 1319(c)(2)(A) (felony).

In 1981, the EPA authorized the Oregon Department of Environmental Quality to administer, within the state of Oregon, the elements of the NPDES program.  46 Fed. Reg. 17,649-03 (March 19, 1981).

*United States v. California Shellfish, Modesto Tallow and Thomas Libby*
Gov't's Sentencing Memorandum
Page 2

II.    **Factual Background**

The Pre-Sentence Reports accurately set forth the facts underlying the offenses in these cases.  In 2003 and 2004, defendant California Shellfish Company operated a fish processing facility at Point Adams along the Columbia River.  California Shellfish held a NPDES permit, issued by the Oregon Department of Environmental Quality, which authorized California Shellfish to discharge certain fish waste into the Columbia River from the Point Adams facility.

Defendant Modesto Tallow leased a portion of the facility from California Shellfish.  In approximately December 2003, Modesto Tallow began processing chicken carcasses at the Point Adams facility – and discharging chicken waste into the Columbia River.  Modesto Tallow continued discharging the chicken waste into the Columbia River until approximately June 2004.[1]  Modesto Tallow's discharge was undertaken with the knowledge, consent and assistance of California Shellfish – ostensibly under the auspices of the Clean Water Act permit issued to California Shellfish.  However, the permit in no way authorized the discharge of chicken waste, and both defendant companies knew and understood this fact.  Accordingly, the discharge of the chicken parts was in violation of the Clean Water Act Permit.

Defendant Thomas Libby was the general manager for the California Shellfish facility at Point Adams.  In this capacity, Libby aided and abetted the illegal discharge of chicken parts into the Columbia.

---

[1]  Two non-profit organizations, the Northwest Environmental Defense Center at Lewis and Clark School of Law and Columbia River Keepers, were instrumental in bringing the case to the attention of regulators.

*United States v. California Shellfish, Modesto Tallow and Thomas Libby*
Gov't's Sentencing Memorandum
Page 3

III.   **Guidelines Calculation**

The government concurs with the Probation Department's guideline calculation for defendant Libby - specifically, the government concurs that defendant's adjusted offense level is level 8 after departures pursuant to 2Q1.3 Application Notes 3 and 7.  The government also concurs with the Probation Department's conclusion that defendant Libby falls into Criminal History Category I.  Accordingly, the government respectfully submits that defendant Libby faces  a guidelines range of 0 to 6 months.

The Sentencing Guidelines do not apply to the corporate defendants for purposes of calculating an appropriate fine.  Specifically, USSG §§ 8C2.1 and 8C2.10 make clear that the guidelines for fine range do <u>not</u> apply to the corporate defendants for environmental cases.  Instead, the fine for organizational defendants in environmental cases is to be determined under 18 U.S.C. §§ 3553 and 3571.

IV.   **Sentence Recommendation**

The parties have agreed to a joint sentencing recommendation for all three defendants.  For the defendants California Shellfish and Modesto Tallow, the parties recommend the following sentence:

(A)  <u>Fine</u>.  Defendants California Shellfish and Modesto Tallow should each be ordered to pay a criminal fine in the amount of $48,750.

(B)  <u>Mandatory Special Assessment</u>.   Defendants California Shellfish and Modesto Tallow should each be ordered to pay a special assessment for each count of conviction for a total aggregate special penalty amount of $400.

(C)  <u>Community Service</u>.  Defendants California Shellfish and Modesto Tallow should each be ordered to make an organizational community service payment in the amount of $26,250 pursuant to §8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a).   The parties recommend that the Court order California Shellfish and Modesto Tallow each to make a payment of $26,250 to the Oregon Governor's Fund for the Environment, a sustained

*United States v. California Shellfish, Modesto Tallow and Thomas Libby*
Gov't's Sentencing Memorandum
Page 4

granting fund managed by the National Fish and Wildlife Foundation to benefit the coastal areas and rivers and streams passing through the District of Oregon by funding projects to (a) reduce pollution and otherwise cleanup Oregon rivers, streams, and coastal areas; (b) restore and preserve fish, wildlife, and plant resources critical to Oregon rivers, streams and coastal areas; (c) identify continuing sources of pollution of Oregon rivers, streams and coastal areas; (d) develop and implement strategies to eliminate and/or reduce pollution of Oregon rivers, streams and coastal areas; and (e) improve state and local criminal enforcement of environmental and wildlife protection laws intended to protect Oregon rivers, streams and coastal areas.

(D) <u>Probation Conditions</u>.  Defendants California Shellfish and Modesto Tallow have each agreed to be placed on organizational probation for a period of three (3) years from the date of sentencing pursuant to 18 U.S.C. § 3561(c)(1) and USSG §§ 8D1.1 and 8D1.2.  The government recommends that the Court impose the three year term in order to fully assure Defendants' remedial measures have been fully implemented and future operations are functioning in compliance with environmental laws.

With respect to defendant Libby, the government joins defendant in recommending that defendant be placed on probation for one year.  The parties further recommend a total monetary penalty not to exceed $5,000.  The parties jointly recommend that this monetary penalty be divided between fine and community service, with 65% allocated to fine, and 35% allocated to community service in the form of a payment to the Governor's Fund for the Environment, described above.

## V.    <u>Conclusion</u>

The government respectfully believes that the proposed resolution will meet the goals of sentencing set forth in 18 U.S.C. § 3553.  First, we believe the total monetary penalties fine in this case reflects the seriousness of the conduct of defendants in unlawfully dumping chicken carcasses into the Columbia River.  We also submit that a fine of this seriousness is essential to provide general deterrence.

*United States v. California Shellfish, Modesto Tallow and Thomas Libby*
Gov't's Sentencing Memorandum
Page 5

With respect to defendant Libby, there are mitigating factors, as well as individual characteristics indicating a very low chance of recidivism, described in the Pre-Sentence Report, which warrant the recommended sentence.

Accordingly, the government respectfully requests the Court impose the sentences set forth above.

DATED this _____ day of August, 2008

Respectfully submitted,

KARIN J. IMMERGUT
United States Attorney


_____/s/_____
Dwight C. Holton, VSB 40767
Assistant United States Attorney

*United States v. California Shellfish, Modesto Tallow and Thomas Libby*
Gov't's Sentencing Memorandum
Page 6